(101 South. 135)

No. 26448.

## JONES v. POWELL LUMBER COMPANY.

### In re JUDGES OF COURT OF APPEAL, FIRST CIRCUIT.

(March 8, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬤⇒388—**Widow of deceased employee under putative marriage held entitled to compensation.**

Under Civ. Code, arts. 117, 118, relating to civil effects of marriage contracted in good faith, the widow of a deceased employee who married him when he was already married to another, from whom he was divorced 16 days later, but who remained in ignorance of his previous marriage until his death, is entitled to compensation under Act No. 247 of 1920, § 1, amending Employers' Liability Law, § 8, subsec. 2, subd. (a).

2. **Master and servant** ⬤⇒348—**Employers' Liability Act liberally construed.**

Employers' Liability Act will be liberally construed in favor of employee and dependents.

Proceedings under the Employers' Liability Act by Mrs. Texana Jones against the Powell Lumber Company. The district court allowed plaintiff compensation, and on appeal the Court of Appeal propounds question to Supreme Court. Question answered, and case remanded.

Edward Rightor, of New Orleans, for appellant.

Fern M. Wood, of Leesville, for appellee.

By the WHOLE COURT.

O'NIELL, C. J. [1] The Court of Appeal, under authority of section 25 of article 7 of the Constitution (1921), has propounded the question whether, as one of the civil effects of a putative marriage, under articles 117 and 118 of the Civil Code, a widow, who was in good faith when she married and until after her husband's death, is entitled to the compensation allowed to the widow of a deceased employee, under the Employers' Liability Act.

The plaintiff in this case married Anderson Jones when he was already married to another woman. He obtained a divorce from the other woman 16 days after he had married the plaintiff. He was killed while employed by the defendant lumber company, and the question is whether his widow, who remained in absolute ignorance of her husband's previous marriage, is entitled to compensation, under the statute. See subdivision (a), subsec. 2 of section 8 of Act 247 of 1920, p. 470, re-enacting the corresponding subsection of section 8 of Act 38 of 1918, p. 54, re-enacting subsection 1, subd. f (1) of section 8 of Act 243 of 1916, p. 515, amending and re-enacting subsection 2, subd. (d) of section 8 of Act 20 of 1914, p. 52.

The district court allowed plaintiff compensation; and the Court of Appeal expresses the opinion that the judgment should be affirmed. That is also our opinion.

Article 117 of the Civil Code declares:

"The marriage which has been declared null produces nevertheless its civil effects as it

relates to the parties and their children, if it has been contracted in good faith."

Article 118 declares:

"If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor and in favor of the children born from the marriage."

[2] The Court of Appeal has referred us to the decision in Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 South. 926, maintaining that the right of a widow to sue for damages for the death of her husband, under article 2315 of the Civil Code, as amended, applies only to a lawful marriage—not to a putative marriage. The doctrine of the decision is that the right of action for damages for the death of a human being is contrary to the general rule and cannot be extended by implication to other surviving relations of the deceased than those to whom the right is expressly and plainly granted by statute. See Flash v. Louisiana Western Railroad Co., 137 La. 352, 68 South. 636, L. R. A. 1916E, 112. On the contrary, the right of a surviving dependent relation of a deceased workman, to be compensated under the Employers' Liability Act, should not be construed strictly in favor of the employer, but rather liberally in favor of the employee and his dependent relations.

Our answer to the question of the Court of Appeal is that the plaintiff in this case is entitled to the compensation allowed to a widow, under the Employers' Liability Act.

It is therefore ordered that the case be remanded to the Court of Appeal for further and final proceedings consistent with this opinion.

ROGERS, J., concurs in the result.

Rehearing denied by the WHOLE COURT.