## ROLLINS v. FOUNDATION CO. et al.
### No. 1323.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

J. Thomas Jewell, of New Roads, for appellants.

John R. Hunter, of Alexandria, for appellee.

ELLIOTT, Judge.

Mrs. Lettie Rollins, née Cole, alleges her marriage with James Leroy Rollins and the birth of six children, all minors, born of her marriage with him, and his accidental death while in the service of Foundation Company. Alleging the dependence of herself and children actually and wholly on her husband at the time of his injury and at the time of his death, she claims of Foundation Company and of Travelers' Insurance Company, as carrier of its compensation insurance, the sum of $2,703, in solido, for herself individually and for the use and benefit of her children, payable at the rate of $9.01 per week for a period of 300 weeks, less payment for 12 weeks received.

Defendants for answer deny plaintiff's alleged marriage, the birth of children, and liability as claimed. Defendants admit the death of said Rollins and the payment of compensation for 12 weeks, but deny all her, other averments.

The suit of Mrs. Lettie Rollins was filed May 10, 1933. On March 8, 1933, W. O. Yielding, acting as dative tutor for Aline, Bobbie, and Mae Rollins, all minors, filed a suit against the same defendants, claiming for the children he represents the same compensation as dependents of the same decedent. In this suit, No. 1437 on the docket of the district court, Yielding, tutor, alleges that the said Aline, Bobbie, and Mae were born

of the marriage of Lee Rollins and Mrs. Lonnie Monk, née Carroll; that Lonnie Rollins departed this life on June 26, 1928; that said Aline, Bobbie, and Mae were the children and sole heirs of Lee Rollins and as such entitled to the compensation on account of their father's death.

The defendants urged against the demand of said Yielding, tutor, substantially the same defense as urged against the demand of Mrs. Lettie Rollins. The two suits were consolidated and tried together.

Judgment was rendered in favor of Mrs. Lettie Rollins as prayed for. The demand of W. O. Yielding, tutor, was rejected. W. O. Yielding, tutor did not appeal. Foundation Company and Travelers' Insurance Company have appealed.

■ The only contested question is whether or not Mrs. Lettie Rollins in her own right, individually, and for the use and benefit of her children, is entitled to the compensation due by the defendants an account of the death of her husband. The evidence shows that Lee Rollins and Mrs. Lonnie Monk were married on April 27, 1912. They lived together for a period of time estimated at from 8 or 10 months to 2 years, when they separated. At the time they separated, Sylvia, the eldest child of the mother, had not been born. Just how long afterwards she was born is not clear, but it is likely a couple of months afterwards. Following Sylvia, the children Aline, Bobbie, and Mae were born. There is no evidence that Lee Rollins and Mrs. Lonnie Rollins were ever divorced.

Leroy Rollins and Lettie Cole were married on December 3, 1918, and lived together continuously afterwards until September 8, 1932, when he lost his life accidentally while working for Foundation Company, assisting in the construction of the bridge, which now spans the Atchafalaya river at Krotz Springs. The Lee Rollins, who married Mrs. Lonnie Monk, and the Leroy Rollins, who married Lettie Cole, and the James Leroy Rollins, who lost his life at the time and in the way stated, while working for Foundation Company, are one and the same person.

Mrs. Lonnie Rollins took up her residence at Oakdale in the parish of Allen about the time of or soon after Rollins left her. A few months less than seven years elapsed between the time of her marriage with Lee Rollins and his subsequent marriage with Lettie Cole. Judging from the places where Rollins and his second wife lived after his second marriage, it is more than likely that the first wife knew, although the fact is not directly established, that he had contracted a second marriage, and it seems probable, unless Rollins was at the time divorced, that he took a serious risk of being charged with bigamy. There is no contention that he was ever divorced, so we indulge no assumption on that account.

The faith of Lettie Cole, whether good or bad, in marrying and living with Rollins, and whether she and her children were actually and wholly dependent on him, and whether his first wife and her children were in any way dependent on him and have just claim on the compensation due on account of his death, are the questions for decision in this case. We are satisfied that Lettie Cole married Rollins in good faith. She eloped and married him contrary to the wishes of her father. She knew at the time that he had been previously married to Mrs. Monk, but she testifies that he informed her that he had been divorced, and that she believed him and married him believing that he was free to marry her. She was but 17 years of age at the time. Perhaps, if she had been an older woman, she would have taken the trouble to have his claim that he was divorced from his first wife investigated. But she was satisfied with his assurance, and good faith is all that the law requires in order to establish her status as wife. We are further satisfied that she continued to believe that her husband had been divorced and was free to marry her and that her marriage was legal and valid from the time it was entered into until the time of his death.

Six children, Audrey Lee, Kenneth Earl, Patricia, Vera, Velma, and Lenwood Cole Rollins, all minors, were born of her marriage. Under the Employers' Liability Act, § 8 (amended Act No. 242 of 1928), the term "child or children" covers only legitimate children. So a question for determination is whether the children of a mother, who has married in good faith and lived with her husband, bearing children, born of their marriage, believing all the time that her marriage was legal, come within the dependency provisions of the Employers' Liability Act on the subject of children. A putative wife has been held to come under the act. Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135.

Article 18 of the Civil Code provides that: "The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by consider-

ing the reason and spirit of it, or the cause which induced the Legislature to enact it."

Section 18 of the Employers' Liability Act (amended Act No. 85 of 1926) provides that: "The judge shall decide the merits of the controversy as equitably, summarily and simply as may be."

Section 8 (amended Act No. 242 of 1928) contains no repealing clause. A repeal is implied only when the new law contains provisions contrary to or irreconcilable with those of the former law. Civil Code, art. 23. The provisions of the act are not to our mind contrary to nor irreconcilable with recognition of the civil effects provided for in behalf of children born of marriages, such as are provided for in Civil Code, arts. 117 and 118, but allow the rights of such children to compensation when their dependency on their father is made to appear.

Article 117 has reference to marriages that have been declared null. The marriage between Lettie and Leroy Rollins was never declared null, but if Leroy was never divorced from Lonnie Rollins it was null. So the situation of the children born to Lettie is substantially the same as if it had been formally declared. The provision of article 118 bears directly on the rights of her children in the present case. We therefore conclude that the provisions of the act defining "child or children" and providing that the term shall cover only legitimate children, no more take from children in the situation of Lettie's children the right to compensation than it takes such right from the mother, and it was held in the case cited that it did not take such rights from a putative widow. Having reached this conclusion, as the evidence unquestionably qualifies Lettie and her children as actually and wholly dependent on said Rollins for support at the time of his accident and at the time of his death, the next question concerns the claim of the children, represented by W. O. Yielding as dative tutor.

■ The Employers' Liability Act, § 8, subsec. 2 (B), as amended by Act No. 242 of 1928, conclusively presumes the dependency of "a wife upon a husband with whom she is living at the time of his accident or death." Lonnie Rollins was not living with Lee Rollins at the time of her death and her death took place a little more than 4 years before he lost his life. For the rights of her children we look to the provisions of section 8, subsec. 2, under the letter (D) (amended Act No. 242 of 1928), which provides that:

"In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death." In this case we are satisfied, from the evidence, that after the time when Lee Rollins withdrew himself from the house in which his first wife lived, she and her children were never actually, wholly, or in part dependent on him for support. This withdrawal took place previous to the birth of her eldest child. The mother, soon after Lee Rollins left, took up with another man and lived with him and was presumably supported by him, and her children, as they were born, were presumably supported by the man with whom she lived until a few months before her death. And because of the situation mentioned, we regard it as extremely improbable that Lee Rollins ever visited the house where she lived after he had withdrawn himself from it and regard it as very unlikely that he wrote her letters sending her money as some of the witnesses claim. The testimony to that effect is almost incredible, yet may be true. Be that as it may, we are satisfied from the evidence, and hold, that nothing of the kind occurred after the marriage between Leroy Rollins and Lettie Cole. After that time the entire time, attention, earnings, and efforts of Leroy Rollins all went to and were by him applied to the support of Lettie and her children. The evidence justifies the conclusion that he recognized no others as having any claim on him.

The situation in respect to Lonnie Rollins and her children is not unlike that which was found to exist concerning the wife and child of Frank Jones in the case entitled Jones v. Dendinger, Inc., et al. (La. App.) 147 So. 732, in which it was found that the mother was the sole dependent of the decedent and as such entitled to the compensation due on account of his death.

In this case we find that Lettie Rollins, as widow of Leroy Rollins, and her children, born of her marriage with him, were actually and wholly dependent upon him for support at the time of his injury and at the time of his death; that they were the only parties dependent on him at said time; and that Lettie Rollins is entitled to receive from Foundation Company and Travelers' Insurance Company the compensation due by Foundation Company on account of the death of James Leroy Rollins.

Judgment affirmed. Defendants-appellants to pay the costs in both courts.