## McHENRY v. WALL et al. *
### No. 4921.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

A. L. Davenport and Duncan S. Kemp, both of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

TALIAFERRO, Judge.

Paul McHenry, colored, the husband of plaintiff, while performing the duties of his employment to S. T. Wall, a defendant herein, accidentally or otherwise, met death at about 10 a. m., March 23, 1934. According to the allegations of the petition, he was operating a truck of defendant, loaded with sod, when he experienced an accident causing his death.

His body was found on the ground on the left side of the truck which had stalled or had been stopped by deceased as it began the ascent of a dirt ramp leading to the top of a levee on which the sod was intended to be laid. The body was evidently discovered within a short time after life had expired. It was carried to a funeral home in the city of Monroe and an autopsy made thereon by the coroner of Ouachita parish that day. The cause of death was undetermined. On March 26th, three days following the death of said Paul McHenry, and, according to the allegations of plaintiff's petition, before he was . buried, defendant Wall, the adjuster of his insurer, and their attorney, came to petitioner's home with some prepared papers for her to sign, and assured her that deceased died, not from accident, but of natural causes and that there was no liability for compensation on the part of said Wall, or any one else, on account of his death; that it was then stated by Wall that, although there was no liability on his part, he was willing to pay her $15 in cash and pay the funeral bill of $85 if she would sign the papers he had with him at the time; that she demurred at this proposition and was then told by Wall that if she did not sign them, he would not see to it that her husband's body was properly buried, nor would he pay any of the expense for the services which had already been rendered to the body; and that she, acting upon the representations and statements made to her by said parties, which are alleged to have been false and untrue, signed the papers presented to her, a certified copy being attached to her petition. These papers consist of a sworn joint petition to the Fourth district court of defendant Wall, the plaintiff herein, and several reputed relatives of deceased, which we quote:

"The joint petition of S. T. Wall, a resident of the Parish of Ouachita, State of Louisiana, hereinafter referred to as your first named petitioner, and of Claudia Willis McHenry, a resident of the Parish of Ouachita, State of Louisiana; Emma Ellison Langford, a resident of Marion, Louisiana; Lee McHenry, a resident of Brinkley, Arkansas; and Rosalie Tucker and Gertie Bohanon, residents of the Parish of Ouachita, State of Louisiana, appearing herein as Tutrix of and for and in behalf of Adaline McHenry, all hereinafter referred to at times as your second named petitioners, respectfully represents:

"I. That on and prior to March 23, 1934, Paul McHenry, then approximately 32 years

of age, was employed by your first named petitioner as a common laborer and truck driver in connection with a certain contract of work being performed by him on certain levee work on and near the Horseshoe Lake Road, in Ouachita Parish, Louisiana, when on said day at about 9:30 A. M., the said Paul McHenry was found dead in and near a truck belonging to your first named petitioner.

"II. That at the time of and prior to his death, Paul McHenry was employed, as aforesaid, at a wage of 40¢ per hour while working as a common laborer and 45¢ per hour while driving trucks, in either event working five hours per day, six days per week, or at a maximum wage of $13.50 per week, said wage being fixed in accordance with the Code adopted by employers engaged similarly as your first named petitioner and in accordance with the National Relief Administration.

"III. That as aforesaid Paul McHenry was found dead and it is the belief of your first named petitioner, substantiated by medical advice, that the death resulted from natural causes and did not result from an accident arising out of and in the scope of said deceased's employment. Accordingly, your first named petitioner denies that the death was compensable or was in any way covered by the provisions of the Workmen's Compensation Act of the State of Louisiana.

"IV. That at the time of his death, Paul McHenry was living with your petitioner, Claudia Willis McHenry, as man and wife, but that prior thereto he had been legally married in Union Parish, Louisiana, to one Georgetta Wayne, to the knowledge of the said Claudia Willis McHenry, and that although separated from the aforesaid Georgetta Wayne, who subsequent to said separation has remarried to one Julie Harrison and is now living in Strong, Arkansas, no divorce was ever sought or obtained.

"V. That prior to his marriage with Georgetta Wayne, deceased lived with one Rosalie Bohanon, without marriage, and that there was born to Rosalie Bohanon and deceased, a child, named Adaline McHenry, presently 13 years old, who is living with her maternal grandmother, Gertie Bohanon, and was in no way dependent on, and received no support from deceased, said Gertie Bohanon and Rosalie Tucker appearing herein as representatives of said minor for the purposes hereof.

"VI. That petitioners, Emma Ellison Langford, now married to Joel Langford and residing at Marion, Louisiana, and Lee McHenry, now married to Irene Fisher and residing at Brinkley, Arkansas, are the mother and father, respectively, of Paul McHenry, deceased, but were never married and have never received any support and were in no way dependent on the aforesaid Paul McHenry.

"VII. Considering the family history of Paul McHenry, your first named petitioner, in addition to denying liability on account of the fact of his contention that the death of the said Paul McHenry did not result by an accident arising out of and in the course of his employment, contends that even had the death been compensable, no compensation was or is payable for the reason that there is no person enumerated by the Compensation Act of the State of Louisiana, existing entitled to compensation and for the further reason that the aforesaid Paul McHenry has not rendered or tendered support to any of the aforesaid parties; but that nevertheless, considering the possibility of a claim, but without admitting any liability, your first named petitioner has expressed a willingness to pay the sum of $125.00, the same to include all claims for burial expenses together with the incidental expenses thereof necessitated by the death of the aforesaid Paul McHenry, in consideration of an acknowledgment from each of the parties hereto that no liability exists and in consideration of a final and complete release and discharge from said parties, and your second named petitioners are all desirous of obtaining the payment of the sum of $125.00, the same to include all claims for burial expenses, and are all desirous of effecting said settlement and compromise, but same cannot be done without first obtaining the approval of this court.

"VIII. That your petitioners and each of them all desire that the compromise outlined herein be effected and that same be approved by this court in accordance with the provisions of Act No. 20 of 1914, and laws amendatory thereof.

"Wherefore, the premises considered, petitioners and each of them pray that the compromise outlined herein be approved, homologated, and made the judgment of this court, and that upon the payment of the sum of $125.00, the same to include all claims for burial expenses, by your first named petitioner, S. T. Wall, that each and every claim of every nature and kind of your second named petitioners and each of them against S. T. Wall and/or his insurer be forever released, discharged and relieved and that your second named petitioners be authorized to

execute appropriate releases and do everything necessary and proper in the premises to consummate said compromise.

"Further prays that the release herein stipulated be complete and be for all claims of every nature or kind which all or either of your second named petitioners have had, now have, or may have, on account of the aforesaid death.

"Pray finally for all needful orders, for full, general, special and equitable relief, and that all costs hereof be paid by your first named petitioner."

This signed petition was presented to Judge J. T. Shell, one of the judges of the court, and he rendered and signed the following judgment:

"This matter having been presented to this court on the joint petition of S. T. Wall and Claudia Willis McHenry, Emma Ellison Langford, Lee McHenry, Rosalie Tucker and Gertie Bohanon, the court being fully advised in the premises, and the law and the evidence being in favor thereof:

"It is therefore ordered, adjudged and decreed that the compromise settlement above outlined be approved, homologated and made the judgment of this court, and that upon the payment by the said S. T. Wall of the sum of $125.00, the same to include all claims for burial expenses, to the said Claudia Willis McHenry, Emma Ellison Langford, Lee McHenry, Rosalie Tucker and Gertie Bohanon, each and every claim of every nature and kind of the second named petitioners against the first named petitioner be relieved, released and forever discharged, whether said claims now exist, have existed or may exist, or whether same be under the Compensation Act or otherwise.

"It is further ordered, adjudged and decreed that each of said parties be authorized and empowered to execute appropriate releases forever discharging the said S. T. Wall and/or his insurer from each and every liability aforesaid.

"Thus done and signed officially on this the 26th day of March, A. D., 1934."

Contemporaneous with the signing of the said petition, plaintiff and the other relatives of deceased named in and who signed said petition executed to defendant Wall and his insurer, the Great American Indemnity Company of New York, a release which is as follows:

"State of Louisiana, Parish of Ouachita

"Before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting in and for the above Parish and State, personally came and appeared Claudia Willis McHenry, Emma Ellison Langford, Lee McHenry, Rosalie Tucker and Gertie Bohanon, who declared and acknowledged that they have this day received from S. T. Wall and/or his insurer the sum of $125.00 in full, complete and final settlement of the judgment rendered on the 26th day of March, A. D., 1934, by the Fourth Judicial District Court of the State of Louisiana, holding sessions in and for the Parish of Ouachita; and that in consideration of the said payment and in accordance with the judgment referred to, they and each of them hereby forever release, relieve and discharge the said S. T. Wall and/or his insurer from all claims of every nature and kind which they have had, now have or may have on account of or incidental to the death of Paul McHenry, occurring on the 23rd day of March, 1934.

"Appearers further declared that they have and do hereby direct and empower Pat S. Hamilton, Clerk of the Fourth Judicial District Court of Ouachita Parish, Louisiana, to endorse on the face of said judgment this payment and show full and final satisfaction of same.

"In testimony whereof the said Claudia Willis McHenry, Emma Ellison Langford, Lee McHenry, Rosalie Tucker and Gertie Bohanon have hereunto signed their names in the presence of the undersigned legal and competent witnesses, who sign herewith, and me Notary, on this, the 26th day of March, A. D., 1934."

This suit was instituted by said surviving widow of Paul McHenry against Wall and his insurer to annul and set aside the judgment of the court rendered in said suit No. 23018, on the grounds and because of the alleged fraudulent misrepresentations made to her as an inducement for her to sign the petition in the case and accept the small sum of money offered her, and particularly because of the false and untrue allegations of fact contained in articles 3 and 4 of said joint petition; and for the further purpose of recovering the compensation due her as surviving widow. It is specifically alleged that deceased met death by accidentally falling out of or being thrown from the truck he was driving, or from, in some manner, being stunned by a blow received while therein or falling therefrom and dying from hemorrhage or suffocation or strangulation from dirt and mud breathed into his body after the fall.

Plaintiff avers that she was married to deceased on May 9, 1932, in the city of Monroe,

La., and that they lived together continuously thereafter, but that there was no issue of their marriage nor were there other dependents of deceased; that her said husband informed her that his former wife, Georgetta Wayne, had divorced him while he was working near Strong, Ark., and that Georgetta had remarried in the year 1926. She additionally avers that the consideration for her signing the joint petition and release was increased from $100 to $125, after she had affixed her signature thereto, but she was not paid the extra $25. Plaintiff further alleges:

"That the settlement made in accordance with the joint petition, judgment and release constitutes a lump sum settlement by agreement of the parties, though said agreement was fraudulently obtained, at a discount greater than eight per cent, which was approved by the court, and that your petitioner is entitled to and desires to be paid one and one-half times the compensation which would have been and is due her under the Compensation Act. That the amount due under this Act is 32½% of $13.50, for 300 weeks, which amounts to $1316.25, plus $658.13, making the total amount due her $1974.38."

Defendants interposed an exception of no cause and no right of action to plaintiff's petition, which was sustained, and her suit dismissed. She appealed.

■ Exceptors' position is that the act of compromise entered into by plaintiff and defendant Wall, and approved by judgment of the lower court, sought to be annulled, forever foreclosed any action by plaintiff thereafter to recover any amount under any law for the death of her husband; that said compromise has the force and effect of the thing adjudged and cannot be attacked on account of error of law or any lesion; and, additionally, that no action may be maintained by plaintiff without previous tender or offer to return to defendants the amount paid her as an inducement for her entering into the compromise. They rely upon and cite, in support of their position, articles of the Civil Code relative to compromises between individuals to avert litigation or to put an end to such, if pending, and to the jurisprudence interpreting and applying said articles. These are not pertinent to the present case. The Legislature, in adopting the Workmen's Compensation Law, introduced a new system of rules and regulations for the settling of claims and trial and determination of cases falling within the purview of its humanitarian provisions. The rights created and remedies provided by this law are exclusive of all others arising thereunder. In its practical effect and operation, it is unique in our system of laws and jurisprudence. No compromise of the rights of a beneficiary arising under the provisions of this statute is effective or binding unless consummated strictly in keeping therewith. Section 8, subd. 9, as amended by Act No. 242 of 1928, section 17, as amended by Act No. 38 of 1918, and section 18, as amended by Act No. 85 of 1926 (Act No. 20 of 1914, as amended).

Defendants contend that plaintiff's marriage to Paul McHenry was bigamous, and that she had knowledge when she married him that his former marriage had not been dissolved, and therefore, being in bad faith, she is not entitled to the rights which accrue and belong to the surviving widow of a putative marriage, as is laid down in Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135. Plaintiff's reply to this contention is that when she married deceased she was of the opinion and belief that McHenry was free to contract marriage because, as she had been informed by him, his first wife had divorced him and remarried. If her good faith in this respect can be established, she is the putative wife of deceased and entitled to recover compensation of defendants at the rate of 32½ per cent. of his weekly wages for 300 weeks, a sum in the aggregate more than ten times the amount defendants paid her. If her marriage to deceased was in good faith, then the most material allegations of fact and conclusions of law set up in the joint petition are all erroneous and the judgment based thereon is subject to be annulled upon proper evidence. This is what plaintiff is now seeking to do. However, if plaintiff cannot establish her good faith in marrying Paul McHenry, her action falls.

■ Subdivision 9 of section 8 of the Workmen's Compensation Law (as amended by Act No. 242 of 1928) provides the method for lump-sum settlements in compensation cases. Discount in excess of 8 per cent. per annum is prohibited by this law. All such settlements must be approved by the judge to give them legal effect. Even this approval does not legalize the settlement if the discount is in excess of 8 per cent. In the present case, if plaintiff is entitled to compensation at all, certainly the settlement with her carried with it a discount of the amount due her many times 8 per cent. We cannot assume that she is not entitled to compensation because she has not had an opportunity to lay before the court her side of this case. She has not had her day in court. All a complainant has

to show, in addition to his right to compensation, to have such a settlement 'annulled, is that the discount is in excess of 8 per cent. Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163.

The plaintiff makes a direct attack on a judgment of court having for its basis admitted facts which she now says are untrue, and which she also says she subscribed to in error, superinduced by misrepresentations made to her by defendants or their agents at a time when she was in grief and sorrow over the loss of her husband. For reasons best known to defendants, the settlement was pressed upon plaintiff much too soon after the death of McHenry, and it is not surprising that, under the circumstances, she accepted it.

We think the petition discloses a cause of action, and for this reason the judgment appealed from is set aside and the case remanded to the court a quo for further proceedings.