## MILLER v. UNITED STATES. FIDELITY & GUARANTY CO. et al.

### No. 5270.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Rehearing Denied July 15, 1936.

Robert Richmond and Hoye Grafton, both of Shreveport, for appellant.

Barskdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

DREW, Judge.

Plaintiff was injured while performing duties within the scope and course of his employment with one of the defendants herein. He was paid compensation at the rate of 65 per cent. of his weekly wage for a period of 12 weeks, at which time, or soon thereafter, there was perfected between him and his employer's insurer what is purported to be a lump sum settlement. The petition and judgment supporting said settlement are as follows:

"The petition of the Minden Cotton Oil & Ice Company, Ltd., a Louisiana corporation domiciled in the city of Minden, Webster Parish, Louisiana, the employer, the United States Fidelity & Guaranty Company, a foreign corporation qualified to do business in the State of Louisiana, the insurer of the employer and Sam W. Mil-

260

ler, resident of Webster Parish, Louisiana, the employee, with respect represent:

"1. The petition of Sam W. Miller represents that on September 18, 1934, he was in the employ of the Minden Cotton Oil & Ice Company, Ltd., as a laborer in the city of Minden, Webster Parish, Louisiana, his duties being that of a millwright for which services he received a weekly wage of $15.00.

"2. That on the above date, while discharging his duties in the course of his employment, at about the hour of 1:30 P. M., while working on a roller on a seed cleaner, the roller out of same struck his right side and broke one rib, which was diagnosed by Dr. Martin as a fracture of the tenth rib, simple right side, mid line contused wound of chest and, as a result of same, traumatic pleurisy.

"3. Your petitioner alleges that because of said injury he was unable to perform his usual work or any work of a reasonable nature, and that the United States Fidelity & Guaranty Company, who had insured the Minden Cotton Oil & Ice Company, Ltd., for compensation claims on its employees, paid your petitioner $9.75 per week, being 65% of the weekly wage of $15.00 for a period of twelve weeks, or a total of $117.00.

"4. Your petitioner further shows that he is still disabled and incapacitated to do work of a reasonable character, but nevertheless the insurer, United States Fidelity & Guaranty Company, has offered him the price and sum of $150.00 for a lump sum settlement of his claims against the Minden Cotton Oil & Ice Company, Ltd., and said insurer, although still injured, is willing to accept same.

"5. The United States Fidelity & Guaranty Company and the Minden Cotton Oil & Ice Company, Ltd., insurer and employer, respectively, deny that the said Sam W. Miller has not completely recovered from said accident, and aver that he is entirely recovered, but nevertheless, to settle his claims growing out of said accident against them, have offered and agreed to pay the said Sam W. Miller as a lump sum settlement of his claims the amount and sum of $150.00, exclusive of medical expense and hospital treatment which they assume to pay to the extent of $250.00, said settlement to be in full payment and compromise of all claims growing out of the accident above referred to.

"Wherefore, petitioners pray that the lump sum settlement herein outlined upon the terms agreed upon, be approved by the court; that the United States Fidelity & Guaranty Company, the insurer of employer, be authorized to pay to Sam. W. Miller the sum of $150.00 in full settlement of the liability of the Minden Cotton Oil & Ice Company, Ltd., and that the said United States Fidelity & Guaranty Company be further authorized to pay all medical and hospital charges directly to those to whom such payments are due, not to exceed $250.00.

"Further pray for all orders and decrees necessary and for general relief.
                    "Watkins & Watkins,
                    "Attorneys at Law.

"Sam W. Miller, one of petitioners, and Henry Gillespie, Agent for the United States Fidelity & Guaranty Company, another of said petitioners, sworn, state that the facts and allegations contained in the above and foregoing are true and correct.
                    "Sam W. Miller.
                    "Henry Gillespie.

"Sworn to and subscribed before me this the 18th day of December, 1934.
          "R. D. Watkins, Notary Public.
"State of Louisiana: ⎱
"Parish of Webster: ⎰

"Henry Gillespie, sworn, states that he is Agent for the Minden Cotton Oil & Ice Company, Ltd., Minden, La., one of the corporations stated in foregoing petition and that the facts and allegations contained therein are true and correct from information received.
                    "Henry Gillespie.

"Sworn to and subscribed before me this the 18th day of December, 1934.
          "R. D. Watkins, Notary Public."

"Sam W. Miller vs. Minden Cotton Oil & Ice Company, Ltd., et al.
          "No. 8913
     "26th District, Webster Parish,
               Louisiana.
               "Judgment

"In this cause by reason of the law and the evidence and the affidavit annexed, and it further appearing that the settlement outlined reasonably complies with the Employers' Liability Statute, it is ordered, adjudged and decreed that the payment of compensation as agreed upon by the parties hereto and the lump sum settlement based thereon be and the same is hereby

approved, and the United States Fidelity & Guaranty Company is hereby instructed and authorized to pay to the said Sam W. Miller the sum of $150.00, in full settlement and compromise of the claims of the said Sam W. Miller growing out of said accident herein referred to against the Minden Cotton Oil & Ice Company, Ltd., and the United States Fidelity & Guaranty Company.

"It is further ordered, adjudged and decreed that the United States Fidelity & Guaranty Company be authorized to make payment of the hospital and medical bills incurred in this case directly to those to whom such payments are due, not to exceed $250.00.

"Done and signed on this the 18th day of December, 1934.

"J. F. McInnis, Judge.
"Twenty-sixth District, Webster Parish, La."

On December 11, 1935, following, the plaintiff filed the present suit in which he alleged, in substance, as follows:

That on the date of September 8, 1934, and for some time prior thereto, the defendant Minden Cotton Oil & Ice Company, Limited, was engaged in the business of operating a general cotton oil mill and ice manufacturing plant in Minden, Webster parish, La., a business that was hazardous and dangerous in its nature; and that on that date, September 8, 1934, and for some time prior thereto, plaintiff was in the employ of said defendant performing the duties of a mechanic or millwright, which work and employment was also dangerous and hazardous; that on that date, in connection with his work and while acting within the course and scope of his employment, he sustained an accident, in that while working on and repairing a roller of a seed cleaner, a part of the machinery or equipment of his employer, the roller of the said cleaner fell and struck him with great force and violence; that the roller weighed approximately 150 pounds, and struck him in the right side in and about the region of the eighth, ninth and tenth ribs; that the said roller in falling and striking him inflicted serious and permanent injuries; that by reason of the accident, the tenth rib on his right side was fractured, with a dislocation of the same inward; that he received serious, painful, and permanent internal bruises and contusions, particularly of his liver and right lung; that he received serious and painful bruises and contusions of his chest on his right side; that as a direct result of the accident and injuries received by him, he was suffering and had at all times since the accident suffered with traumatic pleurisy; and that it was caused solely, wholly, and exclusively by the said roller striking him forcefully and violently in and about his right side and chest, which condition was permanent; that upon sustaining the said accident and resulting injuries, his employer, the Minden Cotton Oil & Ice Company, Limited, sent him to certain doctors for treatment, but the said doctors had wholly failed and neglected to render the proper or necessary treatment; that he is now and has been at all times since the accident permanently and totally disabled to do or to perform work or labor of any kind or character whatsoever; that subsequent to sustaining the accident and injuries, he was confined in the Minden Sanitarium for a period of 35 days, from which institution he was discharged on the statement that the Minden Cotton Oil & Ice Company, Limited, would not stand for or pay any bills for further treatment of his said injuries; that at the time he was removed from the sanitarium, it was necessary that he be carried and assisted, as it was impossible for him to walk; that he was driven to his home in a taxicab and upon being removed to his home was confined to his bed for a further period of two weeks; that he has at all times since been only able to move or walk with the greatest difficulty and in the most serious and extreme pain; that at the time of receiving his injuries and the resulting disabilities he was earning and receiving from the defendant Minden Cotton Oil & Ice Company, Limited, an average weekly wage of $15 per week, and that his said employer, or their insurer, the United States Fidelity & Guaranty Company, paid him compensation in the sum of $9.75 for a period of 12 weeks; that for some time prior to sustaining the accident and injuries, the United States Fidelity & Guaranty Company had issued to the Minden Cotton Oil & Ice Company, Limited, a policy of workmen's compensation insurance, conditioned according to the laws of the state of Louisiana; and that the payment of compensation as made to him was paid by the said United States Fidelity & Guaranty Company.

The plaintiff's petition further shows that on or about December 18, 1934, agents of the defendants importuned and requested

him to make a lump sum settlement with them by accepting the sum of $150 in full settlement of the amounts of compensation to which he was entitled by reason of the accident and injuries; that after being informed by the agents and representatives of the defendants that his injuries were only of a temporary nature, he agreed to the proposed lump sum settlement; that subsequent thereto a joint petition was presented to the trial court for the approval of the lump sum settlement in the sum of $150; that he was an uneducated and ignorant person, having no education whatsoever, and was inexperienced and unadvised in business matters; that he was never advised by the agents and representatives or by any of the doctors who treated him of the nature or extent of his said injuries or of his condition; that he relied upon the statements as made by them of his condition; that, particularly, he relied upon the statements as made to him by the agents and representatives of the United States Fidelity & Guaranty Company; that said agents and representatives represented to him that the injuries and disabilities suffered by him were of only a temporary nature, and did insist that he was no longer disabled from doing or performing any reasonable kind or character of work as that which he was performing at the time he received said accident and injuries; he relied upon the representations as made by the defendants' agents and representatives; that at the time of making the lump sum settlement and at the time of filing the proceedings bearing docket No. 8913 on the docket of the trial court (the lump sum settlement) he was totally and permanently disabled by reason of the accident and injuries suffered by him; that he will at all times hereafter be permanently and totally disabled from doing or performing work of any kind or character whatsoever; that as such he was entitled to compensation in the sum of $9.75 per week for a period of 400 weeks; that the purported lump sum settlement, as made with him on the joint petition as presented to the trial court in proceedings entitled "Sam W. Miller v. Minden Cotton Oil & Ice Company, Ltd., et al.," No. 8913 on the docket of the said court, was and is absolutely null and void and of no effect, for the reason that the settlement as made with him for his said injuries and disabilities was discounted, and the amount of compensation to which he was justly and rightfully entitled was discounted at more than 8 per cent. per annum; that the purported lump sum settlement as signed by him and as approved by the court was further null and void in that the payment was not a compromise and was not either reasonably or substantially in accordance with the provisions of the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended), in that the lump sum settlement or award as made for the injuries and disabilities was not commuted on a term agreed upon by the parties; that by reason of the defendants having made the lump sum settlement with him in violation of the provisions of the Workmen's Compensation Law of Louisiana and by discounting it at more than 8 per cent. per annum, the payments of compensation to him for the accident and injuries sustained by him, he was entitled to receive from the defendant in a lump sum the additional payment as, together with the amounts already paid, would aggregate one and one-half times the compensation which would have been due and payable to him for his injuries and disabilities under the provisions of the Workmen's Compensation Law of the state of Louisiana, or the total sum of $5,852, less the credit of $117, as paid to him as compensation for a period of 12 weeks and the amount of $150 as paid to him at the time of making the lump sum settlement, or less a total credit of $267, in which petition the plaintiff prays for judgment in solido against said defendants for the sum of $5,885, with interest from date of judicial demand until paid.

The prayer of the petition asked for judgment against the defendants in solido for the sum of $5,885, which amount is the additional payment as, together with the payments already made, would aggregate one and one-half times the compensation due him, for the accident and injuries sustained by him. The plaintiff's petition also carried an alternative prayer for judgment against defendants in solido for compensation in the sum of $9.75 per week for a period of 400 weeks, subject, however, to a credit of $267, as having been previously paid.

Subsequently, the plaintiff appeared and filed a supplemental and amended petition wherein he alleged that the policy of workmen's compensation insurance, as issued by the United States Fidelity & Guaranty Company in favor of the Minden Cotton Oil & Ice Company, Limited, was in full force

and effect at the time he sustained the accident and the resulting injuries and disabilities; that by reason of sustaining the accident on the date of September 8, 1934, he had at all times since been physically disabled to do or to perform work or labor of any kind whatsoever, and that at the time the agents and representatives of the defendant United States Fidelity & Guaranty Company proposed a settlement in a lump sum for his said injuries, the said defendant and its agents and employees had been advised by the physicians and doctors who previously examined and treated him that his disability and condition were total and permanent; that notwithstanding the fact that the defendants had been advised by the doctors and physicians as to the total and permanent disability, the condition of the plaintiff, the agents and employees of the defendants, acting within the course and scope of their employment and for the benefit or gain of the said defendant, did falsely and fraudulently represent to him that his condition and disabilities were only of a temporary nature; that the agents and employees of the defendant did for the purpose of effecting only a nominal lump sum settlement for his injuries and disabilities represent to him that it was only by accepting the lump sum settlement of $150 that he would be paid any further amount of compensation than that previously paid to him, and further represented that they would pay only such amount for the purpose of closing their file on the claims; that the defendants, its agents, and representatives made all of the representations to him, knowing same to be false, and for the purpose of taking advantage of him and depriving him of the amounts of compensation to which he was rightfully entitled, and all for the benefit and gain of the defendant insurance company; that because of his lack of education and experience, he could not and did not consult with a physician or doctor and that he was not advised as to the nature or extent of his disabilities and conditions suffered by him; that he was without means or funds with which to employ doctors or physicians to treat him for his disabilities and injuries or to be advised in reference to the payment, and that he was compelled to rely on the statements and representations as made to him, and that he accepted the statements and representations as made to him as being true; that in addition to the suffering of disabilities and injuries as set forth in his original petition, he was suffering from disabilities caused by adhesions in and about his chest and abdomen on the right side of his body; and that the said condition of adhesions was permanent and resulted in his complete and total disability.

To the plaintiff's petition and supplemental petition, the defendants filed an exception of no cause and no right of action, setting forth that the petition of the plaintiff did not disclose any right of action or cause of action against the defendants, or either of the defendants, and in addition to the exception of no cause or right of action, said defendants filed a plea of res judicata, which said plea set forth that the injuries of which the plaintiff complained were made the basis of a compromise agreement, duly approved by the judgment of the trial court in the proceeding entitled "Sam W. Miller v. Minden Cotton Oil & Ice Company, Ltd., et al.," No. 8913 on the docket of said court, and that the said judgment was final and conclusive and a bar to the prosecution of this action. Upon the trial of these issues in the lower court, a copy of the lump sum settlement was offered, in connection with the plea of res judicata, and the matters were argued and submitted to the court and judgment rendered sustaining both the exception of no cause of right of action and the plea of res judicata.

This suit is brought under the provisions of section 8, subsection 9, of Act No. 20 of 1914, as amended by Act No. 242 of 1928, § 1 (page 362), which is as follows:

"The amounts payable as compensation may be commuted to a lump sum settlement by agreement of the parties after having been approved by the Court as reasonably complying with the provisions of this Act; provided, that in making such lump sum settlement, the payments due the employee or his dependents, under this Act, shall not be discounted at a rate greater than eight per centum per annum; if such lump sum settlement be made without the approval of the Court, or at a discount greater than eight per centum per annum, even if approved by the court, the employer shall be liable for compensation at one and one-half times the rate fixed in this Act, and the employee or his dependents shall, at all times within two years after date of the payment of the lump settlement and notwithstanding any other provisions of this Act, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate one and one-half times the compensation which would have been

due under this Act, but for such lump sum settlement. But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than eight per centum per annum and with the approval of the Court, the liability under this Act of the employer making such payment shall be fully satisfied; provided, that for injuries scheduled in paragraphs 1-d and 2 of this section, no shorter term than therein set forth have been agreed upon."

██ The exception of no cause or right of action and the plea of res judicata are based upon the same thing, that is, the judgment of the court rendered when the lump sum settlement was made. Without repeating the allegations of the petition, which we have stated in full above, it is certain that when we take the allegations as true, which we must for the purpose of deciding the exception of no cause or right of action, since no evidence was introduced on the exception of no right of action—plaintiff has set forth a cause and right of action. The petition and judgment for a lump sum settlement constitute the only evidence in the case and there is one glaring irregularity disclosed by both documents, that is, there was no term agreed upon by the parties thereto. It is true the amount agreed upon, but there is nothing to show that the amount was based upon an agreed term of disability, as is required by the above-quoted provisions of Act No. 242 of 1928. The term must be agreed upon and the amount due for said term not discounted at more than 8 per centum. Plaintiff alleged in his petition that at the time the lump sum settlement was made, defendants had full knowledge, acquired from their own doctors, that he was totally and permanently disabled and that he did not have such knowledge. When we take this allegation as true, we find the lump sum settlement was not only discounted at more than 8 per centum, but that plaintiff was paid much less than 8 per centum of what was due him, to the knowledge of defendants, for the reason that if his allegation is true, he was entitled to 65 per cent. of his weekly wage for a period of 400 weeks. If the above allegation is true, the charge of fraud practiced by defendant in securing the settlement is established.

In the recent case of McHenry v. Wall et al., 157 So. 632, 635, where we had occasion to pass upon a similar case, we said:

"The Legislature, in adopting the Workmen's Compensation Law, introduced a new system of rules and regulations for the settling of claims and trial and determination of cases falling within the purview of its humanitarian provisions. The rights created and remedies provided by this law are exclusive of all others arising thereunder. In its practical effect and operation, it is unique in our system of laws and jurisprudence. No compromise of the rights of a beneficiary arising under the provisions of this statute is effective or binding unless consummated strictly in keeping therewith. Section 8, subd. 9, as amended by Act No. 242 of 1928, section 17, as amended by Act No. 38 of 1918, and section 18, as amended by Act No. 85 of 1926 (Act No. 20 of 1914, as amended).

"Defendants contend that plaintiff's marriage to Paul McHenry was bigamous, and that she had knowledge when she married him that his former marriage had not been dissolved, and therefore, being in bad faith, she is not entitled to the rights which accrue and belong to the surviving widow of a putative marriage, as is laid down in Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135. Plaintiff's reply to this contention is that when she married deceased she was of the opinion and belief that McHenry was free to contract marriage because, as she had been informed by him, his first wife had divorced him and remarried. If her good faith in this respect can be established, she is the putative wife of deceased and entitled to recover compensation of defendants at the rate of 32½ per cent. of his weekly wages for 300 weeks, a sum in the aggregate more than ten times the amount defendants paid her. If her marriage to deceased was in good faith, then the most material allegations of fact and conclusions of law set up in the joint petition are all erroneous and the judgment based thereon is subject to be annulled upon proper evidence. This is what plaintiff is now seeking to do. However, if plaintiff cannot establish her good faith in marrying Paul McHenry, her action falls.

"Subdivision 9 of section 8 of the Workmen's Compensation Law (as amended by Act No. 242 of 1928) provides the method for lump-sum settlements in compensation cases. Discount in excess of 8 per cent. per annum is prohibited by this law. All such settlements must be approved by the judge to give them legal effect. Even this ap-

proval 'does not legalize the settlement if the discount is in excess of 8 per cent. In the present case, if plaintiff is entitled to compensation at all, certainly the settlement with her carried with it a discount of the amount due her many times 8 per cent. We cannot assume that she is not entitled to compensation because she has not had an opportunity to lay before the court her side of this case. She has not had her day in court. All a complainant has to show, in addition to his right to compensation, to have such a settlement annulled, is that the discount is in excess of 8 per cent. Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163."

Under the allegations of plaintiff's petition and the above authority, we are convinced that he has set out a cause and right of action and is entitled to his day in court to prove the allegations of his petition, if he can.

We think the above-quoted decision likewise disposes of the plea of res judicata. The judgment interposed to sustain the plea of res judicata is the judgment which plaintiff is attacking as a nullity and cannot serve to sustain the plea.

Defendants also contend that the settlement was a compromise. We held in McHenry v. Wall, supra, that no compromise of the rights of a beneficiary arising under the provisions of the statute is effective or binding unless commuted strictly in keeping therewith. The allegations of plaintiff's petition are that such was not done in this case.

We are convinced both the exceptions and plea were erroneously sustained; and the judgment of the lower court is now reversed and the case remanded to be tried upon its merits; costs of appeal to be paid by appellees, and all other costs to abide the final determination of the suit.