## CHILDERS v. ROY O. MARTIN LUMBER CO., Inc.

### No. 5336.

Court of Appeal of Louisiana. Second Circuit.

### Jan. 5, 1937.

On Application for Rehearing Feb. 5, 1937.

Julius T. Long, of Shreveport, for appellant.

White, Holloman & White, of Alexandria, for appellee.

TALIAFERRO, Judge.

In this action plaintiff seeks to recover workman's compensation in excess of that paid him in a lump-sum settlement, and prays to have said settlement and judgment based thereon annulled. It is not a suit to annul a settlement consummated through compromise. His left hand was seriously injured while laboring for his employer, Roy O. Martin Lumber Company, on June 1, 1935, requiring amputation of the first

two phalanges of the index finger and all of the middle and ring fingers. On July 20th, he and defendant, through its attorneys, signed and presented for approval to Judge L. L. Hooe a verified petition wherein it is averred that said three fingers were amputated because of the trauma; that his weekly wages were $8.75, and that they had agreed upon a lump-sum settlement on a basis of 65 per cent. of his weekly wages for a period of 70 weeks, arrived at as follows: Loss of index finger, 30 weeks; loss of middle and ring fingers, 20 weeks each. The settlement was approved and judgment rendered as prayed for. Plaintiff was paid in full the total of compensation due him thereunder, discounted at 8 per cent., less $66 previously advanced to him. In the present suit he avers that his thumb and little finger were also seriously injured, as were the palm and other parts of the left hand; and alleges, as an ultimate fact, that because of said injuries, amputation of the fingers, etc., he has suffered the loss of use of the entire left arm, and that he was due compensation on that basis, or for 200 weeks instead of 70 weeks for which he was paid. He also alleges that his weekly wage was more than that fixed in the settlement. He attacks the lump-sum settlement on nine different grounds, but, as we view the case, only one need be given serious consideration, as plaintiff's case must stand or fall upon that one. It is that he was paid compensation for loss of three fingers, whereas he was entitled to payment for loss of use of an arm. However, in this court, loss of use of the hand is the burden of his contention.

He does not expressly allege error on his part in assenting to the terms of the settlement, nor does he expressly charge defendant or its agents with practicing fraud upon him as a means of procuring his assent thereto; but we are convinced that both were in error: defendant, as to the extent of plaintiff's disability, and he as to the measure of compensation due him therefor.

Defendant affirms the correctness, legality, and validity of the lump-sum settlement attacked, and denies that plaintiff lost the use of his left arm as a result of his injuries. Exceptions of no cause and no right of action were filed by it. These were overruled. They are urged here. Plaintiff's suit was dismissed in the lower court and he appealed.

Lump-sum settlements are authorized by the Workmen's Compensation Law (Act No. 242 of 1928, p. 362, § 8, subd. 9). Discount in such is limited to 8 per cent. The law is imperative in this respect. If less than the full amount due an injured employee is accepted by him, in error or otherwise, he is not bound by his acceptance. He may successfully assail his own action if timely begun. Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163. In that case the court stated that an action attacking a lump-sum settlement and judgment pursuant thereto was not in reality one to annul a judgment, but one simply to recover compensation in addition to that paid under a judgment. It is in its nature supplementary to and, if successful, not destructive of the judgment based upon the settlement. And when, as in this case, an injured employee comes into court and by appropriate allegations, having earnest import, challenges the correctness of a lump-sum settlement, either as to term or rate of compensation, he is entitled to be heard, and his complaint discloses a cause of action. The ordinary and usual rules of evidence and procedure are not pertinent to such a case. We had occasion to discuss the unique character of the Workmen's Compensation Law in McHenry v. Wall et al., 157 So. 632. That case, however, involved a compromise between the widow of a deceased workman and his employer, which is not present in the case at bar. Here the plaintiff definitely alleges facts, which, if true, entitle him to recover more compensation than paid him; and the opportunity to adduce proof in support thereof is and should be allowed him.

The court's ruling on the exceptions was eminently correct.

Plaintiff resumed work for defendant in September following the accident at wages greater than he had been previously paid, and continued in its employment until discharged near the middle of December for neglect of duty. This latter employment required him to "tally" (check) bundles of oak flooring. The record does not definitely disclose the details of his duties, but we presume it required greater mental than physical effort. The present suit was filed some 60 days after his discharge.

None of the bones of plaintiff's hand were removed, though some were injured in the accident. The only physician who gave testimony in the case, when asked the extent of impairment of the use of the hand, replied: "Well, manual labor, almost a loss." He stated that due to ankylosis condition at juncture of thumb with hand,

the function of the thumb was impaired 60 per cent., but that the little finger was nearly normal. He further testified that there existed exostosis the size of a bird's eye on the metacarpal bone of the third finger; that because of the presence of this growth, destruction of tissue in the palm and on the top of the hand, detachment of muscles, resulting in lack of leverage to pull through the bony tissue, impairment of function of the thumb, the loss of three fingers, etc., the function of the entire hand was so much impaired as to amount virtually to total loss of its use. There is no medical testimony in the record contrary to that just narrated, excepting that involved in the admission below discussed.

Defendant filed a motion for continuance of trial of the case on account of absence of Drs. Texada and Murrell, who, it was alleged, operated on plaintiff's hand when originally injured. The motion further sets up that defendant expects to prove by the absent doctors that "plaintiff's hand was not impaired in usefulness more than is usual in the loss of three fingers, and not more than 30 or 40 per cent. of the use of same."

To avoid a continuance of the case, plaintiff's counsel admitted that if the absent doctors were present, they would testify in keeping with the recitals of the motion. This admission was incorporated in the note of evidence taken on trial of the motion for continuance.

■ Neither the admission nor motion was offered in evidence by either side. Appellant, for this reason, here contends that the admission is not a part of the record and therefore not before us. He has cited no authority in support of this position and we have found none. We do not think the contention tenable. The admission was made in open court, under the eye of the judge, and was dictated into the record and forms a part of it as does the note of evidence. Trial on the merits immediately followed entry of the admission, but for which, most likely, no trial would then have been had. If the admission had been incorporated into the court's minutes, it would hardly be urged that without formal offering thereof the court would not be warranted in considering same as part of the evidence in the case. All things considered, we believe the status of the admission now is the same as it would have been had it been carried in full into the minutes.

■ Plaintiff exhibited his hand for the court's inspection while testifying. A photograph of it is in the record. Its appearance, as we appreciate it, certainly supports plaintiff's physician's testimony regarding its disabled condition. Plaintiff testified, without contradiction, that when he extricated his hand from defendant's concrete mixer, bones "stuck out" in the palm and through its top side; that he underwent some three operations before the fingers were all removed; that the thumb is almost immobile, is stiff and useless; that pressure of the palm produced a sensation akin to needles pricking it, evidently a nervous symptom, and, in summation, that the hand was useless for manual labor, the only kind of work he had ever followed for a livelihood. He also testified that he had a job with a highway contractor, but after a few days was discharged because of lack of physical ability, due to the hand's condition, to satisfactorily perform the work assigned him.

We are of the opinion that the testimony of plaintiff, supported by his physician, preponderates in his favor as against that of the two absent physicians covered by the admission above discussed; and that he was and is entitled to recover for loss of use of the hand, or 150 weeks.

■ It is possible, under the Workmen's Compensation Law, to lose all fingers and the thumb of a hand, and yet not be entitled to recover for loss of use of the hand. This is reflected from the provisions for payment of compensation for a definite period, for loss of the thumb; for loss of index finger for a different term and for the same term for loss of each of the other three fingers; but where there is a hand injury in addition to trauma of the finger or fingers, a different case is presented. In such circumstances, the facts of the entire injury and its effect must be weighed and considered to determine the extent of disability wrought by them upon the functions of the hand. If therefrom the hand's ability to perform in a reasonable and substantial manner the physical functions peculiar to that member, its disability, in legal contemplation, is considered equivalent to its loss. This principle is distinctly enunciated in Calhoon v. Meridian Lumber Co., 180 La. 343, 156 So. 412, which was first decided by this court (151 So. 778), and subsequently reviewed by the Supreme Court. The court therein held that:

"Injury to hand causing permanent stiffness of middle finger, amputation of which resulted in stiffness of other fingers ren-

dering hand useless for manual labor, held equivalent to loss of hand, entitling employee to 150 weeks' compensation (Act No. 20 of 1914, § 8 (1) (a-c) (d) (2, 3, 5), as amended by Act No. 242 of 1928)."

The facts in Fulmer v. McDade Gin Co. (La.App.) 142 So. 733, are quite similar to those of the case at bar. There the hand and fingers were both injured. Compensation was awarded on basis of partial disability to hand, and not for loss of fingers.

Plaintiff contends that his hourly wage was 35 cents instead of 17½ cents, used as a basis for the settlement. We shall not discuss the evidence adduced on this issue, beyond saying that this allegation is not sustained thereby. He accepted this rate of pay without protest, anyway, and certainly would have to clearly establish error on his part to upset his agreement on that score. He has not done this.

Defendant, in answer, calls attention to error in calculation by its counsel when preparing the lump-sum settlement, in this, that plaintiff's weekly wages were set at $8.75, whereas the correct amount is $8.40, arrived at by multiplying the hourly wage by 8, the number of hours worked by plaintiff each day, and that product by 6, the number of days in a working week. However, no alternative relief is asked in this regard.

Plaintiff is entitled now to judgment for 80 additional weeks compensation at the rate of $5.7875.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; and for said reasons there is now judgment in favor of plaintiff and against defendant for 80 weeks additional compensation at the rate of $5.7875 per week, with legal interest on each installment from due date thereof; the first of said weekly installments being due and payable on October 12, 1936. Defendant is cast for all costs.

On Application for Rehearing.

PER CURIAM.

Our attention has been directed to an error made by us in calculating the amount of weekly compensation due plaintiff. The award was for 80 weeks at the rate of $5.7875 per week. The correct amount is $5.6875 per week.

Our decree may be and is hereby amended to this extent, and to do so a rehearing is not necessary.

Rehearing is denied.