389 So.2d 432 (1980)
Tom T. CHIPMAN, Sr., Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Appellants.
No. 14274.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1980.
Rehearing Denied October 30, 1980.
*433 Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendants-appellants, Insurance Company of North America and Delta Manufacturing Co.
Roland V. McKneely, Jr., Bossier City, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied October 30, 1980.
MARVIN, Judge.
In this worker's compensation action the employer and insurer appeal a judgment which awarded the employee benefits, with penalties and attorney fees, for 150 weeks for the effective loss of his hand under L.R.S. 23:1221(4)(e), (n).
The accident, which occurred in 1977 when the employee's dominant hand was caught in machinery, resulted in the amputation of the entirety of the employee's little finger, the amputation of his ring finger at the first joint, and residual hypersensitivity to his middle finger which was lacerated and abraded and which required a skin graft. The employee, an experienced operator of a coil line machine, returned to that position five weeks following the accident, and has since continuously and satisfactorily performed his duties. One doctor rated the employee's medical disability at 29 percent of the hand while another rated it at 18 percent.
Compensation totaling $6,630 ($130 per week for 51 weeks) was paid the employee. The employer and insurer contend that no further compensation is owed because the proportionate loss-of-function provisions of § 1221(4)(o) are included in the law to apply to these circumstances. They contend that their maximum liability under that section is 29 percent of $130 per week for 150 weeks, or $5,655, which is less than the amount the employee has been paid.[1]
*434 The employee, in answer to the appeal, contends that he should be awarded benefits for total and permanent disability because he is working in pain and that the award of attorney fees should be increased.
The trial court noted the medical testimony and conflicting lay testimony about the employee's working in pain and concluded that the employee had failed to prove that he was totally and permanently disabled in this respect. The trial court then noted the medical testimony regarding the residual impairment of the employee's hand. The trial court concluded
"Although the medical impairment of [the] hand is 29%, he has effectively lost the hand insofar as his ability to earn a livelihood with it is concerned." Our emphasis.
This language, however, is synonymous with the statutory definition of disability (the [disability of an employee to engage in any gainful occupation) in § 1221(1), (2) and (3) and should not be used when applying the specific loss sub-sections of § 1221(4) where ability to earn a wage is not the issue. The specific loss provisions were apparently included in the statute to serve "... somewhat as a substitute for the employee's surrendered tort claim which, apart from the Act, he would have been entitled to assert for the loss of a physical member of his body even though his earning capacity were not impaired." Malone-Johnson, § 282, pp. 749-750. Our emphasis.
The employee's ability to engage in a gainful occupation (to use the statutory language) is the test for disability, either partial or total, under § 1221(1), (2) and (3). Where there is no disability of an employee to engage in gainful employment, and the employee has suffered a loss or a partial loss of either the use or the function of a member of his body mentioned in § 1221(4), the proportionate disability of the member is the test to be used in determining what percentage of the specific loss recovery is to be allowed the employee. Disability under § 1221(1), (2) and (3) relates to earning capacity, while disability of a member under § 1221(4)(o) relates solely to the loss of use or function of a member of the body listed in § 1221(4).
We have no problem in agreeing with the trial court's conclusion that this employee is not disabled within the meaning of the law because of pain. See Latin v. Hica Corporation, 384 So.2d 479 (La. App.2d Cir. 1980); Simmons v. State Dept. of Transp., 368 So.2d 770 (La.App.2d Cir. 1979). This employee, however, is 57 years old with a third grade education, whose exclusive working experience has been in the operation of machinery and vehicles. These factors raise the question of total or partial disability, aside from pain, because of the possibility that such an employee might become an odd-lot, and might be unable to compete, in the general labor market. See §§ 276, 279, Malone-Johnson. We resolve this issue against the employee and find him not totally or partially disabled within the meaning of the law, principally because he has been employed for almost three years now in the same gainful occupation as he was before the accident. Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App.3d Cir. 1978), writs denied, is inapposite. See discussion in § 279, Malone Johnson.
The proportionate loss-of-function provisions of § 1221(4)(o) remain for our consideration in the light of the trial court's findings that this employee suffered more (100 percent in result) than the maximum assigned medical disability of 29 percent of the hand as a consequence of the injury. The sound discretion of the trial court controls in these 1221(4) situations. Childers v. Roy O. Martin Lumber Co., 171 So. 484 *435 (La.App.2d Cir. 1937); Calhoun v. Meridian Lumber Co., 180 La. 343, 156 So. 412 (1934). See also Serean v. Kaiser Aluminum & Chemical Corporation, 277 So.2d 732 (La. App.4th Cir. 1973). In those cases, however, it appears that proportionate loss-of-function assigned by the court was substantiated by some medical testimony. In Childers, for instance, all of the middle and ring fingers and two phalanges of the index finger of the employee's left hand were amputated as the result of an accident. Other permanent impairments to the hand resulted, such as ankylosis of the thumb. The medical testimony was that the employee's hand was so much impaired that it was virtually a total loss of use. 171 So. 486. L.R.S. 23:1221(4)(n).
Here we have no medical testimony to substantiate a virtual 100 percent loss of use of the hand. Thus the ultimate question is whether the trial court abused its discretion under the totality of the circumstances in assigning a 100 percent loss of the use of the hand. Because of this employee's continuous and satisfactory performance of his duties for almost three years following the accident, and because the employee uses the hand in his employment (however partially or guardedly), we must conclude that the trial court erred in assigning a 100 percent loss of use of the hand as the basis for the award. In deference to the trial court's discretion and following the implication of Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976), we assign the maximum disability we would affirm in these circumstances which is 60 percent.
Applying § 1221(4)(o) then, this employee should recover for his proportionate loss-of-use of his hand, 60 percent of $130 per week for 150 weeks, or $11,700, less credit for the amount paid.

ATTORNEY FEES AND PENALTIES
Before and after the insurer terminated compensation benefits, the insurer was notified that the employee was claiming total disability benefits. The trial court found that the insurer made no further attempt to investigate and determine the extent of the employee's disability even though the insurer had represented to the employee's attorney that it would further investigate. We do not find that the trial court erred in assessing penalties and attorney fees. See Malone-Johnson § 389. We increase the award of attorney fees by $500 to compensate for legal services rendered after rendition of the trial court's opinion. Allums v. Dixie Metals Company, 369 So.2d 1204 (La.App.2d Cir. 1979).
The judgment appealed is amended to reduce the compensation benefits awarded from $130 per week to 60 percent of $130 per week for 150 weeks, subject to credit for amounts paid, and to increase the award of attorney fees from $3,500 to $4,000. We also amend the judgment to impose attorney fees and penalties only upon the insurer. An employer is obligated for attorney fees and penalties only where the employer's liabilities are not covered by insurance. L.R.S. 23:1201.2, 22:658. See Gauthier v. Employer's National Insurance Co., 316 So.2d 769 (La.App.1st Cir. 1975). Otherwise the judgment is affirmed. Costs of this appeal are assessed one-half to the insurer and one-half to the employee.
Judgment, as amended, is AFFIRMED.
NOTES
[1] "In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member."

For the loss of, or total loss of use of, a hand, compensation is owed for 150 weeks. § 1221(4)(e), (n). See Malone-Johnson, "Workmen's Compensation", 2d Ed., La. Civil Law Treatise, Vol. 13, § 282.