(43 South. 926.)

No. 16,396.

VAUGHAN v. DALTON–LARD LUMBER CO., Limited, et al.

(April 15, 1907. Rehearing Denied May 13, 1907.)

1. DEATH — ACTIONS FOR CAUSING DEATH — PERSONS ENTITLED TO SUE — BIGAMOUS WIFE.

Under article 2315 of the Civil Code of 1870, as amended by Act No. 71, p. 94, of 1884, the right to sue for damages for the death of the husband, or for personal injuries suffered by him, is restricted to his lawful wife or widow, and cannot be extended by construction so as to include his putative wife by a bigamous marriage. In the case at bar both women were living at the time of the death of the husband.

2. SAME.

Such statutory right of action, arising after the death of the husband, is not one of the civil effects of marriage which inures to the benefit of the putative wife under articles 117 and 118 of the Civil Code.

3. SAME.

Article 2315 of the Civil Code, as amended, should be strictly construed, and the exceptional right of action granted therein should be restricted to the classes of persons specially designated as beneficiaries. All classes not expressly included are excluded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 11.]

(Syllabus by the Court.)

Appeal from Third Judicial District Court, Parish of Bienville; James Edward Moore, Judge.

Action by Sarah Vaughan against the Dalton-Lard Lumber Company, Limited; the Standard Life & Accident Company being called in warranty. From a judgment in favor of plaintiff, defendant and warrantor appeal. Reversed, and suit dismissed.

Marsilliot & Murray and Dormon & Reynolds, for appellant Dalton-Lard Lumber Co. Cage, Baldwin & Crabites, for appellant Standard Life Accident Ins. Co. John Crawford Theus, for appellee.

LAND, J. On or about November 20, 1905, Thomas Vaughan, colored, an employé of the defendant lumber company, was mortally wounded by an explosion of a boiler. Plaintiff, as surviving wife of the deceased, sued for $6,000 damages. The defendant called the accident insurance company, in warranty. Among the defenses set up was a denial that the plaintiff was the wife of Thomas Vaughan, and averments that at the time of their pretended marriage Thomas Vaughan had a living lawful wife, Savannah Green, who survived him. The answer pleaded a compromise and settlement with Savannah Green Vaughan, the widow of the deceased.

The defendant appealed from a judgment for $2,000 in favor of the plaintiff, who in her answer to the appeal has prayed that the amount be increased to $4,000.

In their argument and brief the counsel for defendants present but one question for our consideration, to wit:

"Can a woman, who has in good faith gone through a ceremony of marriage with a married man whose lawful wife is living and undivorced, maintain an action for damages for his suffering and death, under Civ. Code, art. 2315?"

The facts are not disputed. Tom Vaughan married Savannah Green in 1891, and she was living at the date of his death. Tom Vaughan moved to Arcadia, La., and in the year 1895 married the plaintiff, and they lived together as man and wife until his death in November, 1905. There was no issue of either marriage.

Counsel for plaintiff argue that the woman who marries in good faith is entitled to all

the rights of a legitimate wife; citing Civ. Code, arts. 117 and 118, and a number of adjudged cases in our Reports.

On the other hand, counsel for defendants argue that a putative wife is not within the purview of article 2315 of the Civil Code, as amended, providing for the survival of actions for personal injuries in case of death in favor of the wife of the deceased; and they cite a number of decisions to show that the benefits of the article should be strictly confined to the classes of beneficiaries specially designated therein.

The question thus raised is res nova in our jurisprudence, and its solution depends on a proper construction of the articles of the Civil Code as amended.

The two articles relied on by plaintiff's counsel were incorporated in the Civil Code of 1825, and read as follows:

"Art. 117. The marriage which has been declared null produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.

"Art. 118. If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor and in favor of the children born of the marriage."

Article 2294 of the Civil Code of 1825 reads as follows:

"Art. 2294. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

It is too well settled for dispute that actions for damages for personal injuries did not survive under the Civil Code of 1825, but died with the person injured, as well as that no action would lie for damages for the death of a free person. Hubgh v. Railroad Co., 6 La. Ann. 495, 54 Am. Dec. 565; Herman v. Railroad Co., 11 La. Ann. 5. Hence, under the Code of 1825, the "civil effects" of marriage did not include the right of the survivor to maintain such actions.

In 1855 the Legislature amended article 2294 by adding the following words:

"The right of this action shall survive in case of death in favor of the minor children and widow of the deceased, or either of them, and in default of these in favor of the surviving father or mother of either of them, for the space of one year."

In the revision of 1870 article 2294, as thus amended, appears as article 2315.

By Act No. 71, p. 94, of 1884, the Legislature amended and re-enacted article 2315 by substituting "or" for "and" between the words "children" and "widow," and by adding the following paragraph:

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be."

Thus as late as 1884 the lawmaker for the first time authorized an action for damages for the death of a free person.

Plaintiff's suit is brought both under the amendment of 1855 and the amendment of 1884. Is she the "widow" of the deceased? Was she the "wife" of the deceased? If so, Tom Vaughan left two "widows," and had two "wives" at the same time, and both of them have a right to recover damages of the defendants. The statute is sui generis, and is neither a law of inheritance nor a law of marriage. It provides for the survival of a right of action, and a distinct right of action, in favor of certain classes of persons. Those not included are excluded, and the article cannot be construed to confer the right upon persons not expressly mentioned in it. Walton v. Booth, 34 La. Ann. 1913. The amendment of 1855 did not include the husband. Id. The amendment of 1884 did not include grandchildren under the general name of "children." Walker v. Railroad Co., 110 La. 718, 34 South. 749.

In Lynch v. Knoop, 43 South. 252,[1] recently decided, this court held that the term "mother," as used in article 2315, as amended, did

---

[1] 118 La. 611, 8 L. R. A. (N. S.) 480.

not include "a natural mother," capable of inheriting from her natural child under the articles of the Civil Code. In the same case the court pointed out that the statutory amendments to article 2315, deal with nonheritable actions, which under the general laws did not survive in favor of any one. The statute might have included children of age, grandchildren, natural mothers, natural children, grandparents, and putative wives; but the lawmaker did not deem it proper to do so. The "widow" and the "wife" mentioned in the statute must be construed as meaning the lawful surviving spouse. These words have no other legal significance.

The civil effects of marriage did not, under the Civil Code, include the right of either spouse to maintain the actions provided by the statute of 1855 and 1884, amending article 2315 · (2294). Under the general law one of these actions did not survive, and the other was not maintainable. The right to institute these statutory actions does not arise until the marriage has been dissolved by death, and is therefore not the result of the contract of marriage. Hence the contention that plaintiff's right to sue springs from the putative marriage as one of its civil effects is not well founded.

The rights of the putative wife are exceptional, and she has none beyond those specially granted. While the law, on account of her good faith, shields the putative wife from shame and protects her in her rights of property, she is not included in the terms "widow" and "wife," which necessarily imply a lawful marriage. In the case at bar the claim of the lawful wife has been satisfied. The statute does not contemplate a second recovery by another so-called wife and widow.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment for defendants, rejecting plaintiff's demand and dismissing her suit, with costs in both courts.

119 LA.—3