VICKSBURG S. P. RAILWAY CO. v. CAESAR WILLIAMS.

[59 South. 883.]

1. DEATH. *Actions. What law governs. Damages. Administrator.*

Where the injury causing death was inflicted in the state of Louisiana and the action for same was brought in this state, the law of Louisiana fixes the rights of the parties to the suit, and is not in conflict with the policy of this state.

2. SAME.

Under the laws of Louisiana the administrator of a deceased person has no right of action for damages from an injury causing his death and an administrator cannot maintain such action in Mississippi for the wrongful death of his intestate in Louisiana.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by Caesar Williams, executor, against the Vicksburg, Shreveport and Pacific Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. Thompson,* for appellant.

*R. Burney Long* and *N. Vick Robbins,* for appellee.

No brief of counsel on either side found in the record.

COOK, J., delivered the opinion of the court.

There is but one question presented by this appeal, and that is: Do the laws of Louisiana give to the administrator of a deceased person the right to sue for the alleged wrongful death of the intestate? The injury causing the death was inflicted in Louisiana, and this action was instituted in this state by the administrator of the estate of the deceased. The law of Louisiana, giving a right of action for damages in cases like this, is as follows:

Art. 2315 (2294). Obligation to Repair Damages Caused by Wrongful Acts; Survivorship of Action.— Every act whatever of man that causes damages to another obligates him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children or widow of deceased or either of them, and in default of these, in favor of the surviving father and mother or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife, as. the case may be.'' Merrick's Revised Civil Code of Louisiana of 1900, bottom of p. 559.

In the case of *Vaughan* v. *Dalton Lumber Co.*, 119 La. 61, 43 South. 926, the court ruled that this article must be strictly construed, and that all classes of persons not expressly included in the article are excluded. The law of Louisiana fixes the rights of the parties to this suit, and is not in conflict with the policy of this state. No statute of that state or decision of its court having been called to our attention, or discovered by us, giving the right of action to an administrator, the judgment of the court below is reversed, and the case dismissed.

*Reversed, and case dismissed.*