On April 12, 1948, Ruthie Mae Strickland sustained injuries from which she died, in an accident which occurred on Highway No. 51, in the Parish of Tangipahoa, Louisiana. She was a paid passenger on a bus of the Teche Greyhound Lines and had been discharged from the bus on the east side of the highway as the bus was traveling in a northerly direction. She walked from the entrance to the bus at its right front hand side to the rear, passed behind it and had started to cross the paved portion of the highway when she was run into by a large motor transport which was going south.
Alleging that the deceased was his wife and the mother of his four minor children, Ella Lee Strickland, Willie Leon Strickland, Jr., Freddie Mae Strickland, and Ruth Strickland, Willie Leon Strickland, the plaintiff in this suit, acting for himself individually and as the tutor of his said minor children is demanding damages in the sum of $50,150 claiming the deceased was killed as a result of the negligence of the operator of the bus and in a subsequent petition claiming also that the driver of the motor transport was negligent and his negligence also was the cause of her death. He not only sued the owner and operator of the bus and of the motor transport but *Page 335 
also the driver and the public liability insurer of each, namely: Globe Indemnity Company, as insurer of the Teche Greyhound Lines and Markel Service, Inc., insurer of the motor transport company. He alleged that the motor transport company was owned and operated by the Chrysler Motor Corporation and that company was also made a party defendant although it does not appear to have been cited.
Numerous pleadings in the way of exceptions were filed in behalf of all the defendants who were represented by two different groups of attorneys. They were principally exceptions of want of proper parties plaintiff, of no right of action, of no cause of action and of want of proper parties defendant. The only one of these exceptions, apparently, which was tried, was the one of no right of action. At any rate, it was the only one that was passed on by the trial judge. According to the extract from the minute entry of February 17, 1949, it was tried on that day and by agreement of counsel was to be submitted on briefs within ten days.
The exception was based on the ground that the deceased woman, Ruthie Mae Strickland, was not and could not have been the legal wife of the plaintiff, Willie Leon Strickland, for the reason that at the time of the purported marriage between them, he had a legal wife still living and from whom he was not divorced. The exception involved the taking of testimony and we find from the note of evidence that on the date that it was set for hearing, plaintiff through his counsel, objected to any testimony on the ground that the party who is said to have been his first wife did not have a cause of action herself against any of the parties defendant, for the death of his second wife, for the reason that Article 2315 of the Revised Civil Code, in which the survival of action in cases of this kind is provided for, does not accrue in favor of the first wife. The court over-ruled the objection and heard the testimony subject thereto.
The testimony taken on the exception revealed beyond doubt that when Willie Leon Strickland was married, for the second time, to Ruthie Mae Strickland, he was still married to his former wife, Rubie Mae Davis, from whom he had never been divorced. On the testimony presented to him the district judge ruled that plaintiff had no right of action to maintain a demand either for himself or in favor of the minors because under the provisions of Article 2315 of the Revised Civil Code, the survival of actions in cases of this kind accrues only to a surviving spouse who is lawfully married and to his or her legitimate children.
Several weeks after the testimony had been adduced, and after the court had handed down its ruling, counsel for plaintiff filed a motion to have the case reopened in order to rebut the testimony which had been offered on the trial of the exception. One of the grounds stated in the motion to re-open was that the court permitted testimony to be taken on an exception of no right of action which itself did not state upon what facts the exception was based. This motion to have the case re-opened was duly tried and subsequently overruled. Judgment sustaining the exception and dismissing the plaintiff's suit was then signed and this appeal was taken.
In this court counsel for plaintiff strenuously contends that the trial judge committed error in refusing to re-open the case and permit him to produce testimony in rebuttal of that on which the exception of no right of action had been sustained. He again urges the point that the exception did not state the facts on which it was based, one of the requirements in an exception involving matters of fact, as is provided for by our Pleading and Practice Act of 1924, Act No. 228 of 1924, which is incorporated in Section 1483 of Dart's Revised Statutes.
In reading the provisions of that act, in so far as it relates to the exception here under consideration, we find that it does provide that "in the case of exceptions involving matters of fact," the exception must be verified "as to such matters of fact in the manner and form hereinabove prescribed for the verification of petitions and answers." Further it is also *Page 336 
provided, with regard to such exceptions, that, "unless same be verified as above provided, they shall be overruled as a matter of course; * * *." The exception in this case is one which undoubtedly involved matters of fact and it would seem that the facts relied on should have been stated in the exception itself. It is true that the statute does not specifically state that the facts must be alleged, yet it definitely provides that in such exceptions, that is, those involving matters of fact, they must be verified as to such matters of fact. We take that to mean that the facts must be stated and the verification must appear the same as when the facts are alleged in a petition or in an answer.
Assuming that we are correct in this interpretation of the statute however, we are of the opinion that a party seeking to avail himself of the lack of form in an exception in such cases must urge his objection in limine and if he does not and goes to trial, as was done in this case, he will be considered to have waived any objection as to form and cannot be held to urge it after trial or after the case has reached the appellate court. Had the objection been made in proper time, the court would have had to overrule the exception as a matter of course, as provided in the statute, but certainly the defendant would then have been given the opportunity to re-urge it in its proper form.
We referred to the point on which counsel for plaintiff objected to the taking of testimony on the exception in this case, and his objection, as is noted, had nothing to do with the form of the exception itself. He objected purely on a legal proposition as to the capacity of the first wife to enjoy the benefit of survival of the action which may have accrued in her favor. Further it is to be noted that counsel did not express surprise at any of the testimony that was being adduced nor did he ask for a continuance or that the exception be left open for the taking of further testimony. We therefore conclude that the trial judge was correct in his refusal to re-open the case and certainly do not find he made any abuse of the discretion that is given him in matters of this kind.
On the merits of the exception of no right of action, we do not find it necessary to go into any lengthy discussion of the law that is involved on the point that the survival of actions provided under Article 2315 of the Revised Civil Code only accrues in cases of a lawful surviving spouse and his or her legitimate children. Something is said by counsel that with regard to the children especially, they should not be denied the right of survival of the action considering that in cases of putative marriages, the civil effects of the marriage flow to the party who was not in bad faith in going through a marriage ceremony. It is contended that under that reasoning, the children of this mother who was a putative wife survived to her rights. The testimony however, far from showing that she was a putative wife, is all to the effect that she knew that the man she was marrying had a lawful wife from whom he was not divorced and she therefore derived no civil effects from the marriage. Besides, in the case of Vaughan v. Dalton-Lard Lumber Company, 119 La. 61, 62, 43 So. 926, the Supreme Court denied the rights of survival in actions of this kind to the putative wife. Following that, the court later on, in the case of Thompson v. Vestal Lumber Manufacturing Company, 208 La. 83,22 So.2d 842, held that whilst the illegitimate children of a deceased employee had a right of action for workmen's compensation as being members of the deceased employee's family, they had no right of action under Article 2315 of the Civil Code.
Under those authorities we are of the opinion that the exception was properly sustained in the lower court and for the reasons stated, the judgment appealed from which dismissed the plaintiff's suit is affirmed at his costs. *Page 371