216 So.2d 818 (1968)
253 La. 73
Thelma LEVY, in her capacity as Administratrix of the Succession of Louise Levy, and as the Tutrix of and on behalf of the minor children of Louise Levy, said children being: Ronald Bell, Regina Levy, Cecelia Levy, Linda Levy and Austin Levy
v.
The STATE of Louisiana Through the CHARITY HOSPITAL OF LOUISIANA AT NEW ORLEANS BOARD OF ADMINISTRATORS and W. J. Wing, M.D., and A. B. C. Insurance Companies.
No. 48518.
Supreme Court of Louisiana.
December 16, 1968.
Levy, Smith & Pailet, New Orleans, for appellants.
Porteous, Toledano, Hainkel & Johnson, William A. Porteous, Jr., William A. Porteous, III, Michael E. Wanek, Charles D. Lancaster, Jr., Ingard O. Johannesen, New Orleans, Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Dorothy D. Wolbrette, L. K. Clement, Jr., Asst. Attys. Gen., for appellees.
BARHAM, Justice.
The plaintiff, as administratrix of the succession of Louise Levy and as tutrix of the decedent's five illegitimate minor children, filed suit against the defendants under Louisiana Civil Code Article 2315 to recover damages sustained by them for the wrongful death of their mother and for her damages resulting from pain and suffering prior to her death. The Civil District Court for the Parish of Orleans dismissed the suit by sustaining peremptory exceptions, the Fourth Circuit Court of *819 Appeal affirmed (La.App., 192 So.2d 193), and we refused writs on the ground that there was no error of law in the judgment (250 La. 25, 193 So.2d 530). The United States Supreme Court, however, reversed and remanded the case to us for further proceedings not inconsistent with its opinion. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436.
Louisiana's action in tort is provided by Civil Code Article 2315. Its predecessor, Article 2294 of the Civil Code of 1825, as originally adopted was identical with Article 1382 of the Code Napoleon (1804).[1] The French had before 1825 found authority in this language to allow recovery of damages for wrongful death.[2] However, the Louisiana courts found no authority for an action for wrongful death or the survival of an action for personal injuries under our 1825 Civil Code.[3] The Legislature by the first of a series of amendments provided for the survival of the action,[4] which was strictly interpreted by our jurisprudence to allow the named survivors recovery of the damages suffered by the deceased by reason of the tort committed.[5] The Revised Civil Code of 1870, our present Code, made no substantive change in this article, which was renumbered as Article 2315. In 1884 by amendment to Article 2315 the Legislature specifically created the right for named parties to recover the damages occasioned them by the death of the deceased resulting from the fault of another.[6] A few years later our court, acting under that amendment, for the first time awarded damages suffered by a survivor in his own right because of the wrongful death of another.[7]
That these rights are wholly the creatures of the Legislature is recognized historically and jurisprudentially. The statute to this extent is sui generis and is not a law of marriage, of parent and child, or of inheritance, nor does it conform to the civil law concepts. Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926. It is special legislation providing for the survival of a right of action in favor of named classes of survivors and also creating a cause of action in favor of those same classes of persons for wrongful death. Walton v. Booth, 34 La.Ann. 913.
Our jurisprudence has held that Article 2315 must be strictly construed and that those not named are not afforded a right or a remedy. The article provides that the first-ranking class of survivors who may exercise both or either right of action is "* * * (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children * * *". The argument is made that Article 3556(8), the general definition article, *820 must be applied to define the above class. To reach a restrictive interpretation of Article 2315 our courts have sometimes accepted and sometimes rejected the general definition article and the civilian concept. Strict construction was adhered to by this court in order to exclude grandchildren from the class "child or children". Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 34 So. 749; Hunt v. New Orleans Ry. & Light Co., 140 La. 524, 73 So. 667. And in a long and undeviating line of jurisprudence the courts of Louisiana have denied any right of action under this article in illegitimate children arising out of the death of a parent. Sesostris Youchican v. Texas & P. Ry. Co., 147 La. 1080, 86 So. 551; Board of Com'rs of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313. Thus it is apparent that our delictual statute as amended has stood alone and has been interpreted restrictively in light of this court's conception of legislative intent.
The United States Supreme Court in reversing the Louisiana courts in this case concluded:
"Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother by appellees. These children, though illegitimate, were dependent on her; she cared for them and nurtured them; they were indeed hers in the biological and in the spiritual sense; in her death they suffered wrong in the sense that any dependent would."
It is argued that the holding of the United States Supreme Court has expanded and thereby attempted to amend Civil Code Article 2315. Since judicial review may not legislate by amendment but must accept a legislative act as enacted or declare it unconstitutional, the contention is made that the holding of that court is tantamount to a declaration that Civil Code Article 2315 is unconstitutional or that at least the portion of the article creating survival and wrongful death rights in children is unconstitutional. We are urged to hold that the Supreme Court decision forces us to declare Article 2315, or a portion thereof, unconstitutional.
The members of this court may totally disagree with the reasoning and the result of the United States Supreme Court majority opinion and may agree with the dissent of Justice Harlan wherein it was said that the majority resolved the issue in this case "* * * by a process that can only be described as brute force". Nevertheless it is our obliagtion to discharge our responsibility under constitutional authority and limitation.
The Supreme Court of the United States reversed the judgment of the district court which had sustained exceptions of no cause and no right of action and had dismissed the suit. By the decree of reversal that court has in fact established a cause and a right of action in these illegitimate children under Civil Code Article 2315, and to this extent has effectually declared the article constitutional. However, it has found our definition of "children" as applied to this article to work an invidious discrimination, and therefore our interpretation must henceforth be made to conform to the construction given by that court. The United States Supreme Court has held that, as alleged in the petition in this case, when a parent openly and publicly recognizes and accepts an illegitimate to be his or her child and the child is dependent upon the parent, such an illegitimate is a "child" as expressed in Civil Code Article 2315.
The case is remanded to the Civil District Court for the Parish of Orleans for further proceedings not inconsistent with the views herein expressed and in conformity with the judgment of the United States Supreme Court.
NOTES
[1] Article 2294 read: "Every act whatever of man, that causes damage to another, obliges him, by whose fault it happened, to repair it."
[2] Rolland v. Gosse, Cour de Cassation (Ch. civ.), Nov. 5, 1818 [1819]; Toullier, Droit civil francais VIII. 55 (Fr.). The widow of Gosse was allowed to recover damages for his wrongful death.
[3] Hubgh v. N.O. & C. R.R. Co., 6 La.Ann. 495 (1851); Hermann v. N.O. & C. R.R. Co., 11 La.Ann. 5 (1856). (An 1855 amendment to Article 2294 was not considered in the latter case since it was passed after the acts complained of had occurred.)
[4] Act 223 of 1855 added these words: "* * * the right of this action shall survive in cases of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year from the death."
[5] Earhart v. N.O. & C. R.R. Co., 17 La. Ann. 243 (1865); Frank v. N.O. & C. R.R. Co., 20 La.Ann. 25 (1868).
[6] Act 71 of 1884 added: "* * * The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be."
[7] Myhan and Wife v. Louisiana Electric Light & Power Co., 41 La.Ann. 964, 6 So. 799, 7 L.R.A. 172 (1889).