# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-455

**ARNOLD LYLE LEWIS, IND. ADMIN. OF SUCCESSION OF ROSALIE HARDY LEWIS AND JOHN CHARLES LEWIS**

**VERSUS**

**HARBOR FREIGHT CORPORATION, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2021-3803
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## CHIEF

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence Street**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    Arnold Lyle Lewis

**P. M. Donovan**
**Donovan & Lawler**
**4640 Rye Street**
**Metairie, LA 70006**
**(504) 454-6808**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Allstate Insurance Company**

**Robert E. Landry**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry**
**901 Lakeshore Drive, Suite 900**
**Lake Charles, LA 70601**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT -APPELLEE:**
**Harbor Freight Tools USA, Inc.**

**Kevin J. Koenig**
**Raggio, Cappel, Chozen & Berniard**
**522 Alamo (70601)**
**Post Office Box 3146**
**Lake Charles, LA 70602-3146**
**(337) 436-9481**
**COUNSEL FOR DEFENDANT- APPELLEE:**
**Succession of Christopher Ray Evans**

**PICKETT, Chief Judge.**

The plaintiff in his role as the independent administrator of two successions appeals the trial court's judgment granting the defendants' peremptory exceptions of no right of action and dismissing his claims against the defendants with prejudice. For the reasons discussed below, we affirm the judgment.

## FACTS

In August 2020, Hurricane Laura caused major power outages in Calcasieu Parish. Rosalie Handy Lewis and John Charles Lewis went to stay with their daughter Kimberly Lewis Evans and her husband, Christopher Ray Evans. Due to the power outages, the Lewises and Evanses used a generator to provide power to the Evanses' home. On August 28, 2020, Rosalie, Kimberly, and Christopher died from carbon monoxide poisoning. Then, on September 3, 2020, John also died from carbon monoxide poisoning.

On August 31, 2021, Arnold Lyle Lewis, Rosalie and John's son and Kimberly's brother, in his capacity as the independent administrator of Rosalie and John's succession, filed suit to recover damages associated with the deaths of Rosalie, John, and Kimberly. Arnold named the following defendants in his petition: Harbor Freight Tools, USA, Inc., d/b/a Harbor Freight Tools (Harbor Freight), as the alleged seller and/or manufacturer of the generator used by the decedents; Allstate Indemnity Company (Allstate), Christopher and Kimberly's homeowners' insurer; Kimberly's succession; and Christopher's successions. Arnold filed an amended petition on November 15, 2021, to clarify that he asserted a claim against the defendants as the independent administrator of Rosalie and John's succession *and* Kimberly's succession and to delete Kimberly's succession as a named defendant.

After Arnold filed his amended petition, Harbor Freight filed peremptory exceptions of no cause of action and prescription and a dilatory prescription of vagueness. Thereafter, Harbor Freight filed a peremptory exception of no right of action. Allstate and the independent administrator of Christopher's succession also filed peremptory exceptions of no right of action and dilatory exceptions of vagueness. In their exceptions of no right of action, the defendants asserted Arnold, as the independent administrator of the Lewis's and Kimberly's successions, had no right of action for survival damages or wrongful death damages for the deaths of Rosalie, John, and Kimberly, as provided by La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2.

On September 23, 2022, Arnold filed a second amended petition to assert claims against the defendants as a plaintiff in his personal capacity as the son of Rosalie and John and the brother of Kimberly. The trial court conducted a hearing on the defendants' exceptions and granted their exceptions of no right of action and dismissed Arnold's claims as the independent administrator of Rosalie and John's and Kimberly's successions with prejudice. The trial court determined its ruling on the exceptions of no right of action rendered the remaining exceptions moot and dismissed them as moot.

Arnold, as the independent administrator of Rosalie and John's succession and Kimberly's succession, appealed the trial court's judgment. He now asserts the trial court committed legal error in granting the defendants' exceptions of no right of action.

## STANDARD OF REVIEW

Appellate review of the grant of an exception of no right of action is de novo because the exception presents an issue of law, unless evidence is introduced to support or oppose the exception. *McKay v. Fontenot*, 22-690 (La.App. 3 Cir.

2

6/28/23), 368 So.3d 282, *writ denied*, 23-1040 (La. 11/8/23), 373 So.3d 62. No party introduced evidence in connection with the defendants' exceptions of no right of action. Therefore, we will conduct a de novo review of the trial court's grant of the defendants' exceptions of no right of action.

## DISCUSSION

"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest, which he asserts." La.Code Civ.P. art. 681. *See also Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615 (La. 2/20/04), 866 So.2d 244. When considering a peremptory exception of no right of action, courts determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La.Code Civ.P. art. 927. In *Reese*, 866 So.2d at 246, the supreme court explained further:

> The focus in an exception of no right of action is on whether this particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

In their exceptions of no right of action, the defendants argue La.Civ.Code art. 2315.1 and 2315.2 govern Arnold's claims to recover damages for the death of Rosalie, John, and Kimberly in his capacity as the independent administrator of their successions. Louisiana Civil Code Articles 2315.1 (emphasis added) provides, in pertinent part

> A. If a person who has been injured by an offense or quasi offense dies, *the right to recover all damages for injury to that person*, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

3

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative *in the absence of any class of beneficiary set out in Paragraph A.*

Louisiana Civil Code Article 2315.2 states, in pertinent part:

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

The defendants assert that as the child of Rosalie and John and the brother of Kimberly, Arnold, as the independent administrator, does not have a right of action to recover survival damages or wrongful death damages under La.Code Civ. art. 2315.1 and La.Code Civ. art. 2315.2. Arnold counters the defendants' claims, asserting La.Code Civ.P. art. 685 and La.Code Civ.P. 3191 and La.Civ.Code art. 3191 require this court to consider the claims potential creditors of a decedent may have when determining the merits of an exception of no right of action because the court's ruling may hamper creditors' ability to satisfy the debts and expenses of the decedent.

4

Louisiana Code of Civil Procedure Article 685 (emphasis added) provides, in pertinent part: "*Except as otherwise provided by law*, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration." Louisiana Civil Code Article 3191 states, in pertinent part:

> The debts which are privileged on all the movables in general, are those hereafter enumerated, and are paid in the following order:
>
> 1. Funeral charges.
>
> 2. Law charges.
>
> 3. Charges, of whatever nature, occasioned by the last sickness, concurrently among those to whom they are due.

Pursuant to La.Code Civ.P. art. 3191(A), a succession representative has a fiduciary obligation to the succession to collect, preserve, and manage property of the succession. He must be prudent and can be personally liable for damages if he fails to properly perform his duties. *Id.*

The supreme court recently addressed Arnold's argument in *Rismiller v. Gemini Insurance Co.*, 20-313, (La. 6/30/21), 330 So.3d 145, *cert. denied, __ U.S. __, 142 S.Ct. 1229 (2022),* where on rehearing, the court vacated its original opinion and adopted a summarized version of Justice Weimer's dissent to the court's original opinion. The court addressed the claims of two adult children who had been given up for adoption and sought to recover survival and wrongful death damages after the death of their birth father and his two minor children who had not been given up for adoption. The court determined neither La.Civ.Code art. 2315.1 nor La.Civ.Code art. 2315.2 provide a cause of action for survivor damages or wrongful death damages unless the conditions specified in each statute are satisfied. The supreme court held that pursuant to La.Civ.Code art. 199, the plaintiffs did not have a right of action for damages under La.Civ.Code art. 2315.1

or La.Civ.Code art. 2315.2 because the filiation between them and their legal father terminated upon their adoption.

In *Rismiller*, 330 So.3d. at 147, (bold emphasis deleted) (italicized emphasis added), the court outlined the procedure for analyzing the plaintiffs' claims:

> "The fundamental question in all cases of [codal] construction is legislative intent and the reasons that prompted the legislature to enact the law." [Rismiller v. Gemini Ins. Co., 20-0313, 3 (La. 12/11/20) 347 So.3d 655, 665 (Weimer, J., dissenting)] (quoting SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695, p. 11 (La. 6/29/01), 808 So.2d 294, 302). "The analysis begins, as it must, with the codal text"–La. C.C. arts. 2315.1, 2315.2, and 199. *Id.* (citing SWAT 24 Shreveport Bossier, Inc., 00-1695 at 12, 808 So.2d at 302).

> The law governing survival and wrongful death actions provides for "a distinct right of action, in favor of certain classes of persons." See Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 64, 43 So. 926, 927 (1907), *overruled on other grounds by* King v. Cancienne, 316 So.2d 366 (La. 1975); Levy v. State Through Charity Hospital of Louisiana, 253 La. 73, 77, 216 So.2d 818, 819 (1968); <u>see also</u> Watkins v. Exxon Mobil Corp., 13-1545 (La. 5/7/14), 145 So.3d 237, 240. *"[T]he rights of action for wrongful death and survival actions are conferred only upon the persons the legislature has specifically included in the lists of eligible claimants"* contained in the *governing code article(s)–formerly La. C.C. art. 2315 (1870) and now La. C.C. arts. 2315.1 and 2315.2 (1986).* Rismiller, 20-0313 at 9, [347 So.3d at 668] (Weimer, J., dissenting). *"Those not included [in the lists of eligible claimants] are excluded, and the article[(s)] cannot be construed to confer the right upon persons not expressly mentioned in it."* Vaughan, 119 La. at 64, 43 So. at 927.

Pursuant to *Rismiller*, 330 So.3d 145, Arnold, as the administrator of his parents' and sister's successions, is not an eligible claimant/beneficiary under La.Civ.Code art. 2315.1 because as the child of Rosalie and John and the brother of Kimberly, he is an eligible claimant under La.Civ.Code art. 2315.1(A)(1) and (3), respectively. Louisiana Civil Code Article 2315.1(B) provides a right of action for a succession representative to recover survival damages only in the event no class of eligible claimants identified in subsection (A) exists. Accordingly, Arnold has no right of action to pursue a claim for survival damages as the independent administrator of his parents' and sister's succession. The same is true with regard

to his claim for wrongful death damages because La.Civ.Code art. 2315.2 does not provide succession representatives a claim for such damages.

Arnold further argues this court should consider the legislature's failure to consider the intent of La.Civ.Code art. 3191 and La.Code Civ.P. art. 3191 when interpreting La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2, asserting these provisions conflict with regard to the duties of succession representatives to satisfy succession debts. He points to a footnote in *Rismiller*, 330 So.3d 145, to support this claim. Footnote 1 states: "Because C.C. arts. 199, 2315.1, and 2315.2 are interrelated laws each must be given effect." *Id*. at 147.

Louisiana Civil Code Article 199 states:

> Upon adoption, the adopting parent becomes the parent of the child for all purposes and the filiation between the child and his legal parent is terminated, except as otherwise provided by law. The adopted child and his descendants retain the right to inherit from his former legal parent and the relatives of that parent.

The supreme court determined the 1932 amendment of La.Civ.Code art. 2315 that included adopted children, required it to consider "the effects of adoption addressed in La. C.C. art. 199" because the amendment increased the claimants eligible to recover damages under La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2. *Rismiller*, 330 So.3d. at 148.

No such interrelationship exists among La.Civ.Code art. 685, La.Civ.Code art. 3191 or La.Code Civ.P. art. 3191 and La.Civ.Code art. 2315.1 or La.Civ.Code art. 2315.2. The Editor's note to La.Civ.Code art. 2315.1 explains, in pertinent part:

> This provision is contrary to Civil Code articles 872, 880, and 1469 which classify the decedent's right as a part of his estate that devolves in favor of his intestate or testate successors. Because the provisions of article 2315.1 are more specific than those of general succession law, the provisions of this article dictate the recipients of the decedent's survival action. See Juneau v. State, [15-1382 (La.App. 1

7

Cir. 7/7/16), 197 So.3d 398, writ denied, 16-1490 (La. 11/15/16), 209 So.3d 781].

.

The rules of statutory interpretation also address Arnold's argument:

> In construing statutory language, it is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject; therefore, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, the rules of statutory construction, and with knowledge of the effect of their acts and with a purpose in view. As a result, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. La.Civ. Code art. 13.

*Carollo v. Dep't of Transp. & Dev.*, 21-1670, p. 13 (La. 9/9/22), 346 So.3d 751, 760, (case citations omitted).

The issue presented in *Rismiller*, 330 So.3d 145, arose from the legislature's inclusion of "children" in La.Civ.Code art. 2315 in 1932. In 2022, the legislature amended La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2[1] and changed the definition of "children" to include a "child . . . by adoption" and a "child given in adoption," thereby addressing the supreme court's conclusion in *Rismiller* that a child given up for adoption did not have a right of action to collect survival damages or wrongful death damages under these statutes. When making those amendments, the legislature did not see fit to address Arnold's arguments. Accordingly, under the clear language of these provisions, Arnold does not have a right of action for survival damages herein.

---

[1] Acts 2022, No. 718, § 1 amended La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2 by inserting the following provisions to each article:

D. (1) As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

(2) As used in this Article, the words "child", "brother", and "sister" include a child, brother, or sister given in adoption, respectively.

In *Rismiller*, 330 So.3d 145, the supreme court affirmed prior decisions holding La.Civ.Code art. 2315.1 and 2315.2 are independent of and not affected by laws governing successions. Therefore, only persons specifically identified in La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2 have a right of action for survival and wrongful death damages. Pursuant to La.Civ.Code art. 2315.1(B), succession representatives have a right of action for survival damages *only* "in the absence of any class of beneficiary set out in Paragraph A." Arnold, as the child of Rosalie and John and the sibling of Kimberly, is a beneficiary for purposes of La.Civ.Code art. 2315.1(B). Therefore, he has no claim for survival damages. Louisiana Civil Code Article 2315.2 does not provide a right of action for succession representatives to recover wrongful death damages. Accordingly, Arnold, as the independent administrator of Rosalie and John's succession and Kimberly's succession, does not have a claim for wrongful death damages either.

## DISPOSITION

For the reasons discussed herein, the trial court's judgment dismissing with prejudice the claims of Arnold Lyle Lewis, as the independent administrator of Rosalie and John Lewis's succession and Kimberly Lewis Evans's succession, for survival damages and wrongful death damages is affirmed. All costs are assessed to Arnold Lyle Lewis.

**AFFIRMED.**